M. E. WITKOWSKI *v.* MRS. GEORGE C. WHITE

5-5173

451 S. W. 2d 749

Opinion delivered March 16, 1970
[Rehearing denied April 20, 1970.]

*Russell & Hurley,* for appellant.

*J. H. Carmichael, Jr.,* for appellee.

CONLEY BYRD, Justice. This is a boundary dispute between appellant M. E. Witkowski and appellee Mrs. George C. White. Appellee owns the SE NW of Sec. 12, T. 2N., R. 13 W., and appellee owns the E½ NE NW. In addition to the parties, three surveyors, Max A. Mehlburger, Forrest Marlar, and Orson Jewell, testified about location of the boundary, each reaching a

different result. The trial court accepted the Mehlburger survey and entered a decree in accordance therewith. For reversal appellant contends that the decree is not supported by sufficient evidence; that the Chancellor should have accepted an alleged original corner as shown by a stone and a fence line; and that, in any event, the Chancellor erred in not equally dividing the short quarter between the parties.

Mr. Max Mehlburger testified that his survey party found three pins on the White tract, one each at the northeast corner, the northwest corner and the southwest corner. They also found a stone 661 feet west of the southwest corner. The southeast corner of the White tract was set by drawing a straight line from the latter stone through the iron pin at the southwest corner, a distance of 660 feet east of the southwest corner. This placed the southeast corner 1,331 feet from the northeast corner. In getting ready for trial Mr. Mehlburger's survey crew rechecked their survey and in doing so found a pin at the northeast corner of the SE NE, on the boundary between sections 12 and 7. They then found that the southern boundary when extended from the stone, to the west, through the pin at the southwest corner of the White tract and through the pin found at the northeast corner of the SE NE was in a straight line.

In checking his survey against Mr. Forrest Marlar's survey, who used the same iron pin at the southwest corner of Mrs. White's tract, Mr. Mehlburger pointed out that the southern boundary of Mrs. White's property commencing at the southwest terminus would angle northward to Mrs. White's eastern boundary and that if the same point were used for the southern boundary of the N½ NE, the line would angle southward to the point where it reached the northeast corner of the SE NE.

Mr. Forrest Marlar, a civil engineer, testified that in making his survey he began at a stone on the fence line at the southeast corner of the NW¼ of section 12 and ran north to an iron pin which he found on the

north line of the section. The distance was 2,595.74 feet. As a result he set an iron pin half way or a distance of 1,297.87 feet from the north line. In making his survey a stone was uncovered approximately 29 feet north and 10.7 feet east of the pin that he set. He found an old fence line going west from the stone. The corner established by him is 34½ feet north of the corner established by Mr. Mehlburger's survey. On cross-examination Mr. Marlar admitted that on the southwest corner he found the same stone that Mr. Mehlburger found and that the line from the other side would have to angle to come to his pin.

The Pulaski County Surveyor, Mr. Orson Jewell, made a survey of the area by commencing on the north line and surveying south to the center of the section. He then went back and, commencing on the north line, surveyed north for a quarter of a mile where he located a stone. To further check his figures he surveyed a half-mile south of what he considered the center of section 12. According to the monuments he found, he concluded that there was a definite shortage in the north half of section 12. In making his survey he established the southern boundary of the White tract as 1,303.5 feet from the north line of section 12.

Mr. Mehlburger on the other hand testified that section 12 was a regular section and that according to the U. S. Government surveys, a copy of which he introduced into the record, there was no shortage in the north half of section 12.

Mr. Marion Witkowski testified that there was a distinct timberline separating a field from an old wooded area; that the corn rows are still there as evidence. According to his testimony the line existing along and between the field and the timberline would line up with the old fence row that Mr. Marlar described, and along the location of the fence that he had erected.

As we view the testimony, there is a difference of opinion between the surveyor Mehlburger and the sur-

veyor Jewell as to whether there is a shortage in the north half of section 12. Further, the proof shows that three surveyors surveyed in the field and that none accepted the stone monument and fence lines as an established corner.

Under the evidence as we view it, the Chancellor had before him three surveys, one of which fixed the southeast corner of the White tract as 1,297.87 feet from the northern boundary; one which fixed the southeastern corner as 1,303.5 feet from the northern boundary and the third of which fixed the southeastern corner at 1,331 feet from the northern boundary. As far as the record shows all of the surveyors are competent and experienced in their field of work. Consequently, we cannot say that the trial court in accepting the Mehlburger survey acted contrary to a preponderence of the evidence. Furthermore, since none of the surveyors accepted the stone upon which appellant relies as a monument or an established corner we are at a loss to understand why the trial court erred in not doing so under the facts here.

Affirmed.