## ARKANSAS LOUISIANA GAS Company *v.* Henry BENNETT and Mellonee BENNETT

74-26                                     509 S.W. 2d 811

Opinion delivered June 3, 1974

*Williams & Gardner,* for appellant.

*Jack Yates,* for appellees.

CARLETON HARRIS, Chief Justice. Appellant, Arkansas Louisiana Gas Company, and appellees, Henry Bennett and Mellonee Bennett, entered into a right-of-way agreement in November, 1967, which granted appellant the right to cross certain lands (an 80 foot right-of-way) in laying a gas pipeline. The value of the right-of-way was agreed on at that time, and paid for, except that damage caused by the loss of growing pine trees which were destroyed was to be determined later. It is agreed that 720 trees were destroyed, these trees being approximately 12 feet in height and 6 inches in diameter at about breast height. The parties were unable to agree on compensation, and appellees instituted suit for the value of these trees. On trial, the jury returned a verdict in the amount of $3,600 for the amount of pine timber destroyed. After a motion to set aside the judgment and grant a new trial had been denied, the company appealed to this court. It is simply here asserted that the amount awarded was so ex-

cessive as to shock the conscience of any court and the verdict should have been set aside and a new trial granted.

Witnesses on behalf of appellees included Mr. Bennett and his wife who testified that in 1959, they planted some 65 acres in pine seedlings in 8 foot rows by 6 feet wide, and that when the gas company obtained its right-of-way, the trees were approximately 8 years old. Both of the Bennetts valued the trees at $10.00 each. Anton Benz, a resident of Logan County for 75 years, who had long been engaged as a farmer and timber worker, testified that he walked over the Bennett property and that, in his opinion, the fair market value of the trees at the time of destruction amounted to $7.00 per tree. This valuation was based upon each tree being capable of producing 15 props per tree, at $.50 per prop, or an aggregate of $5,400 for all trees. George W. Freeman of Ozark, who testified that he was a forester by profession, stated that he had worked for 45 years in the field of forestry; that he had considerable experience in cruising and estimating timber, and that he had at one time been employed by the State Forestry Commission. He said that he was employed on behalf of Arkansas Louisiana Gas Company to estimate the damages to the timber on Bennett's lands. He agreed on the number of trees that had been lost (720), but his estimate was based on the amount of pulpwood that would have been produced from the trees. The witness said that, in his opinion, appellant cut and destroyed in the pipeline area approximately 9 cords, which would have a monetary value of $46.88.[1]

It is rare that we have a case where such disparity as to value exists. According to the Bennetts, these trees were of the value of $10.00 each, and according to Benz, the value was $7.00 each. According to Freeman, the value of each tree was $.06 each. Appellant complains that Benz did not explain what props are and did not give any testimony as to the

---

[1] Actually, the rule governing the measure of damages for the destruction of trees on land is set out in the early case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Ayres*, 67 Ark. 371, 55 S.W. 159, where we said:

"As to the measure of damages for the destruction of the trees on the land by reason of the fire, we think the fifth instruction by the court announced the proper measure; that is, that the measure was the difference between the value of the land with the trees unburned and with the trees burned. This means the market value of the land. The trees were a part of the freehold, and could not be replaced in a short time, and only at considerable expense."

cost of cutting the trees, making them into props, and conveying them to market, and that his testimony was only speculative. The short answer to this is that all of these facts could have been developed on cross-examination, but no questions were asked relating to the matters mentioned; nor was there any motion to strike the value set by the witness, or any objection to any part of his testimony. Of course, these last two acts were not essential since appellant only questions the amount of the verdict, but there was no reason for the jury to consider that the testimony of Benz, insofar as the examination of this witness was concerned, was being questioned. Of course, the jury members may well have been familiar with props and their uses.

At any rate, the jury heard the evidence, were told that it was their duty to determine what opinions were correct or erroneous and that they were entitled to use their "own common sense, knowledge and experience of life, as reasonable and prudent persons."[2] The jury valued the trees at $5.00 each, and we cannot say that this finding evidenced passion or prejudice, or shocks the conscience of the court.

Affirmed.

---

[2]There was no objection to any instruction.