In the Matter of Annexation of Land to the City of Russellville

Herman CHAPPEL et al *v.* Norman L. CARNAHAN et al

78-107 572 S.W. 2d 141

Opinion delivered October 23, 1978
(Division I)

*Jon R. Sanford,* for appellants.

*Williams & Gardner,* for appellees.

GEORGE HOWARD, JR., Justice. This is an appeal by a minority of the land owners in numbers as well as the amount of real property involved in a proceeding for the annexation of certain lands to the City of Russellville, Arkansas. Only one issue is presented, namely, the accuracy of the legal description of the proposed territory to be annexed inasmuch as the parties stipulated that the annexation petition contains more than 50% of the land owners in the area and that they own more than 50% of the land included in the petition.

The defect in the description complained of comes within the following call:

"... thence following the meanderings of Elevation 338 to a point where Elevation 338 intersects the West right-of-way line of the Missouri Pacific Railroad right-of-way, said point being 1045 feet North and 454 feet East, of the Southwest Corner of the Northeast Quarter of the Northeast Quarter (NE 1/4 NE 1/4), Section 36, Township 8 North, Range 21 West; *thence in a Northeasterly direction* [should have been thence in a Southeasterly direction] across the center line of the Missouri Pacific Railroad right-of-way to a point where Elevation 338 intersects the East right-of-way line of the Missouri Pacific Railroad right-of-way, said point being 895 feet North and 723 feet East of the Southwest Corner of the Northeast Quarter of the Northeast Quarter (NE 1/4 NE 1/4), Section 36, Township 8 North, Range 21 West. ... " (Emphasis and statement enclosed in brackets added)

The Pope County Court, on October 21, 1977, entered its order denying the annexation. On January 9, 1978, the Pope County Circuit Court, hearing the matter *de novo,* on appeal,

reversed the County Court holding that the property was properly described and that the petition should be granted.

We are persuaded that the judgment and holding of the Circuit Court of Pope County is supported by substantial evidence and accordingly, we affirm.

Danny Hale, registered land surveyor, in testifying about the error contained in the above metes and bounds description, testified as follows:

"Q. This calls for the reader of the description to establish a point that is 1045 feet north and 454 east of the southwest corner of the forty in question; did you do that?

A. Yes, sir.

Q. Then you were to proceed in a northeasterly direction, according to the description, to another point?

A. Yes, sir.

Q. Can you go northeasterly and arrive at that second point?

A. No, sir.

Q. Why not?

A. Because it would be southeasterly instead of northeasterly.

Q. The second point is 895 feet north and 723 feet east of the first point, so it is south of the first point?

A. That is correct.

Q. And it is also east of the first point?

A. That is correct.

Q. If you go northeasterly and try to reach that point, can you reach it?

A. No, sir.

Q. Will this description close there?

A. No, sir."

Pursuant to an inquiry made by the trial court, Mr. Hale testified as follows:

"Q. The 845 feet is a definite reference?

A. Yes, sir, and also the 723 feet east. The only error I can see is in the direction.

Q. You are saying that it should be southeasterly instead of northeasterly in order for the other references to coincide?

A. That's correct."

On cross-examination by Mr. Gardner, Mr. Hale testified as follows:

"Q. In your opinion, as a surveyor, from looking at the legal description it should have read southeasterly?

A. Yes, sir.

Q. Now, where does the — the Petition states that it runs north in a northeasterly direction across the center line of the Missouri-Pacific right-of-way to a point; is that right?

A. Yes, sir.

Q. Now, is that point described in such a manner as to be definite and certain, and could you find it if you went out and followed proper survey procedure?

A. Yes, sir."

It is clear from the evidence contained in this record that even though a call in the metes and bounds description was erroneously designated as "thence in a northeasterly direction," when in fact it should have been "thence in a southeasterly direction," the points in question are certain and definite enough to enable a trained surveyor to plat and identify the property involved. We are persuaded that *O'Kane v. McLean Bottom Levee & Drainage District No. 3*, 211 Ark. 938, 203 S.W. 2d 392 (1947), is applicable where we stated:

> 'Where a deed described the lands conveyed by metes and bounds, and other description that can be made certain by evidence aliunde, it is sufficient.'

According to the stipulation entered into between the parties, the only issue involved in this case was the accuracy of the description contained in the annexation petition. However, appellant has now asserted as error the failure of appellees to file an accurate map of the territory to be annexed. This issue was not tendered to the trial court for consideration. It is well settled that an issue raised for the first time on appeal will not be considered by this Court.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.