Pat HIGGS, Administratrix of the Estate of Karen D.
DALLAS, on behalf of the Estate, and FIRST
NATIONAL BANK OF ARKANSAS as Guardian of
Shane DALLAS, a Minor *v.* James D. HODGES

CA 85-12                                    697 S.W.2d 943

Court of Appeals of Arkansas
Division II
Opinion delivered October 30, 1985

*The McMath Law Firm, P.A.*, by: *James Bruce McMath*, for appellants.

*Huckabay, Munson, Rowlett & Tulley, P.A.*, by: *James D. Hodges*, for appellee.

DONALD L. CORBIN, Judge. Appellants, Pat Higgs, Administratrix of the estate of Karen D. Dallas, deceased, and First National Bank of Arkansas, Guardian of Shane Dallas, a minor, brought a wrongful death action in the Circuit Court of Pulaski County against appellee, James D. Hodges. The Pulaski County Circuit Court jury returned a verdict in favor of appellee. We reverse and remand.

On February 26, 1982, Karen D. Dallas was driving west on Interstate 40, having just entered the interstate from the entrance ramp of Arkansas State Highway 161. Upon entering Interstate 40, the decedent apparently lost control of her vehicle on an icy overpass. Appellee, also driving west on Interstate 40, had been following the decedent. When the decedent lost control of her vehicle appellee's vehicle ran into her. The decedent died from the injuries sustained as a result of this collision.

Appellants contend that during the trial of this wrongful death suit, the trial court erred in permitting appellee to elicit from the investigating state trooper his conclusion that appellee was not driving too fast under the conditions and that appellants' decedent was driving too fast for the conditions. They rely upon the following reasons: (1) The trooper lacked the expertise necessary to form such an opinion; (2) He lacked the information upon which to form such an opinion; and (3) The question of

whether either party was traveling too fast under the conditions was a question for the jury to determine based upon the facts and evidence before them. Appellants argue, therefore, that the state trooper should not have been permitted to testify concerning his opinions on these ultimate questions absent some indication that his opinions were based upon information that went beyond the experience and understanding of the average juror.

Whether a witness qualifies as an expert is a matter to be decided by the trial court and, in the absence of abuse of discretion, we will not reverse the trial court's decision. *Beck* v. *State*, 12 Ark. App. 341, 676 S.W.2d 740 (1985). Appellants allege as their first point that the trooper lacked the expertise necessary to form an opinion on whether appellee or the decedent was driving too fast. The record shows that the state trooper was qualified as an expert due to his training and experience. He did observe the impact area, the debris, the position of the vehicles, and the general conditions. We find no abuse of discretion by the trial court in recognizing the trooper as an expert. Therefore, we find that appellants' first point is without merit.

Appellants, as their second point for reversal, allege that the trooper lacked the information necessary to form an opinion as to the speed of the vehicles involved in the accident. However, this court has held that the strength or lack of strength of the evidence on which the expert's opinion was based goes to the weight and credibility, rather than admissibility, of the testimony. *Arkansas State Highway Commission* v. *Schell*, 13 Ark. App. 293, 683 S.W.2d 618 (1985). Appellants produced an expert to discredit the state trooper's opinion testimony. Appellants cross-examined the state trooper as to the factual basis for his opinion that the decedent was driving too fast under the conditions and appellee was not. The apparent lack of evidence on which to form the opinion, therefore, went to the weight accorded the opinion testimony by the jury, and not its admissibility.

We reverse the decision of the trial court pursuant to the third point raised by appellants, i.e., that the state trooper should not have been permitted to testify concerning his opinion on the speed issue absent some indication that his opinion was based on information that went beyond the experience and understanding of the average juror. The question before the jury

was whether the appellee was driving negligently when he collided with the decedent's car. This court has dealt with a similar case in which a state policeman was permitted to testify as an expert in accident investigation and reconstruction, *Ethridge v. State*, 9 Ark. App. 111, 654 S.W.2d 595 (1983). In *Ethridge* the ultimate issue before the court was whether the appellant recklessly caused the death of the policeman, and the law provides that one acts recklessly when there is a gross deviation from the standard of care that a reasonable person would observe in the same situation. *Id.* at 115. This Court reversed the trial court's decision because it found that the expert opinion was inadmissible under Ark. Unif. R. Evidence 702 and 403. Chief Judge Mayfield, speaking for the court, held:

> [G]iven the same information used by the expert, the jury could answer the [question] as well as he could, and it is the jury's duty to determine the standard of care of a reasonable person, not the duty of an expert; also, under evidence rule 403 the probative value of [the expert opinion] given in evidence by a member of the Arkansas State Police is substantially outweighed by the danger of unfair prejudice.

*Id.* at 118. We find that the opinion testimony admitted by the trial court in the case at bar is inadmissible for the same reasons as those given in *Ethridge. See also Gramling* v. *Jennings*, 274 Ark. 346, 625 S.W.2d 463 (1981). The state trooper here testified that the only basis for his conclusion that the decedent was speeding was the fact that she lost control of her car. Given the same information, the jury could arrive at a conclusion concerning whether the automobiles involved in the wreck were traveling too fast under the conditions as well as the trooper could. Rule 403 also prohibits the admission of this expert opinion. Even though the credibility of the trooper's testimony was discredited by appellants' expert witness, the fact that a state trooper said appellee wasn't driving too fast and the decedent was driving too fast tends to have too much weight with a jury. A state trooper's testimony concerning speed of a car involved in an accident is given a high degree of credibility by the average person. The probative value of the opinion testimony in this case is outweighed by the danger of unfair prejudice. For these reasons we reverse and remand the decision of the trial court.

Reversed and remanded.

CRACRAFT, C.J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I want to comment on the appellant's point that the state trooper did not have the expertise necessary to form an opinion on whether appellee or the decedent was driving too fast.

In my view, the trooper's opinion on that matter was immaterial in the trial of this case. The appellee had alleged that the decedent was negligent. AMI 301 provides that the trial judge shall instruct the jury that negligence is "the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence in this case." Thus, the trooper should not have been allowed to tell the jury it was his conclusion that the decedent was "driving too fast for conditions." It might be permissible for him to give his opinion of the rate of speed the decedent was traveling at the point of collision; or how many feet it would take to stop her vehicle after applying the brakes; or what effect the application of brakes would have on an icy highway. But whether the decedent was "driving too fast for conditions" is the ultimate question in this case. It simply asks whether the decedent was doing what a reasonably careful person would do under similar circumstances.

The vice of letting the jury know the trooper's conclusion is fully explained in the majority opinion and the *Gramling* and *Ethridge* cases cited therein. I thoroughly agree with the majority opinion and the reversal of this case.