Floyd KILLIAN and Wife Mary Killian *v.*
Truman HILL and Wife Loretta Hill

CA 89-422                                    795 S.W.2d 369

Court of Appeals of Arkansas
Division I
Opinion delivered September 19, 1990

*Edwin J. Alford*, for appellant.

No brief filed.

JOHN E. JENNINGS, Judge. This is a dispute over a fifteen foot wide strip of land between two adjacent landowners, the appellants Floyd and Mary Killian and the appellees Truman and Loretta Hill.

Both parties had surveys of the land in question performed by licensed surveyors, Charles H. Webb for the appellants and Fred D'Aryan for appellees. The Webb survey favored the appellants and the D'Aryan survey favored the appellees. The court appointed its own expert, C.T. Patterson, an engineer, to review the surveys. Patterson preferred the D'Aryan survey and the court eventually found for the Hills.

On appeal the Killians contend (1) that the court erred in admitting the D'Aryan survey because it was performed by "unauthorized persons," (2) the court erred in admitting the D'Aryan survey and D'Aryan's testimony regarding it because they were based on hearsay, and (3) the court's finding that the D'Aryan survey was correct was clearly against a preponderance of the evidence. We find no error and affirm.

D'Aryan testified that he did the survey for the Hills. He testified that his sons Nathaniel, who was twenty-three, and Othniel, who was sixteen, did the initial field work. He testified that both boys had been helping him since they were eight years old but that neither was legally a "surveyor-in-training" nor a licensed surveyor. He testified that their ability as to accuracy was "very good" and that "they are just as qualified as the vast majority of people working on field crews in the State of Arkansas." He testified that he checked their work in the office and at the site, but did not go back and redo all of the field work

that they had done.

Surveying has been described both as an art, F. Clark, *A Treatise on the Law of Surveying and Boundaries* § 8 (J. Grimes 3d ed. 1959), and as a science, *Gehrig, Hoban & Co.* v. *United States*, 293 F. Supp. 433 (Cust. Ct. 1968). Rule 702 of the Arkansas Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

■ Whether a witness may give expert testimony rests largely within the sound discretion of the trial court and that determination will not be reversed unless an abuse of that discretion is found. *Hardy* v. *Bates*, 291 Ark. 606, 727 S.W.2d 373 (1987). There is a decided tendency to permit the fact finder to hear the testimony of persons having superior knowledge in a given field, unless they are clearly lacking in training or experience. *Dildine* v. *Clark Equipment Co.*, 282 Ark. 130, 666 S.W.2d 692 (1984). If there is a reasonable basis for saying a witness knows more of the subject at hand than a person of ordinary knowledge, his evidence is admissible. *Courteau* v. *Dodd*, 299 Ark. 380, 773 S.W.2d 436 (1989). Most courts have recognized surveyors as "expert witnesses," Clark, *supra*. The courts of this state seem to agree. *See, e.g., State Highway Commission* v. *Oakdale Development Corp.*, 1 Ark. App. 286, 614 S.W.2d 693 (1981); *Chappel* v. *Carnahan*, 264 Ark. 444, 572 S.W.2d 141 (1978); *City of Searcy* v. *Roberson*, 256 Ark. 1081, 511 S.W.2d 627 (1974).

■ An expert may base his opinion on facts learned from others, despite their being hearsay. *Dixon* v. *Ledbetter*, 262 Ark. 758, 561 S.W.2d 294 (1978). Rule 703 provides:

> The facts or data in the particular case upon which an expert bases an opinion or an inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in

evidence.

■ The test under Rule 703 is whether the expert's reliance is reasonable. *Dixon, supra.* In the case at bar, C.T. Patterson, a professional engineer, testified that services performed by survey crews composed "part of the matrix of surveying." *See also Witkowski* v. *White*, 248 Ark. 298, 451 S.W.2d 749 (1970), and Clark, *supra* at § 49. In the language of the court in *Dixon*, it was not prima facie unreasonable for D'Aryan to rely on field work done by his sons in preparing his survey. D'Aryan's survey was not rendered inadmissible hearsay by such reliance.

■ The Killians also argue that, since D'Aryan's sons were not licensed "surveyors-in-training," the survey is inadmissible. In support appellants rely on the code provisions regulating surveyors, Ark. Code Ann. § 17-41-101 through 17-41-206. Those code sections provide for the registration of "land survey-ors-in-training" and establish penalties for violations of the Act. Appellant correctly notes that licensing statutes must be strictly construed. *See Wilcox* v. *Safley*, 298 Ark. 159, 766 S.W.2d 12 (1989).

■ Assuming that D'Aryan's sons were required to be licensed as "land surveyors-in-training," we cannot agree that this renders the survey itself inadmissible as evidence. The strength or lack of strength of the evidence on which an expert's opinion is based goes to the weight and credibility, rather than to the admissibility, of the opinion in evidence. *See Higgs* v. *Hodges*, 16 Ark. App. 146, 697 S.W.2d 943 (1985). Where the testimony shows a questionable basis for the opinion of the expert, the issue becomes one of credibility for the fact finder, rather than a question of law. *Arkansas State Highway Commission* v. *First Pyramid Life Ins. Co. of America*, 265 Ark. 417, 579 S.W.2d 587 (1979).

■ Finally, appellants argue that greater credibility should be given to the Webb survey. Matters of credibility are for the trial court to determine. *Lopez* v. *State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989). The location of a boundary is a question of fact and we must affirm the decree unless the chancellor's finding is clearly against a preponderance of the evidence. *Rabjohn* v. *Ashcraft*, 252 Ark. 565, 480 S.W.2d 138 (1972). In the case at bar C.T. Patterson, the engineer, explained why he thought the

D'Aryan survey was more likely correct. We cannot say that the trial court's finding in accordance with Patterson's opinion was clearly against a preponderance of the evidence.

Affirmed.

COOPER and MAYFIELD, JJ., agree.