AUGER TIMBER COMPANY, INC. *v.* Stan JILES

CA 01-304                                      56 S.W.3d 386

Court of Appeals of Arkansas
Division II
Opinion delivered October 3, 2001

*Eilbott Law Firm*, by: *Andy L. Caldwell*, for appellant.

*Harrell & Lindsey, P.A.*, by: *Searcy W. Harrell, Jr.*, for appellee.

WENDELL L. GRIFFEN, Judge. In this case, a Union County jury held appellant liable for the wrongful cutting of appellee's timber and awarded appellee $27,929 in damages. That amount was trebled by the circuit judge for a total award of $83,787. Appellant seeks a new trial on the grounds that the verdict is excessive and that the trial judge committed error in certain evidentiary rulings and damage instructions. We find no error and affirm.

Appellee is the owner of approximately twenty-one acres of timber land in Union County. Directly to the east lies a forty-two-acre tract owned by Robert Charles. In November 1998, Hill Brothers Logging acquired the right to remove timber from the Charles property and contacted appellant to mark the boundaries of the property. Bob Hanry, an employee of appellant, undertook the task and, in the process, mistakenly included almost all of appellee's timber in the area to be cut. Hill Brothers had cut approximately 10.75 acres of appellee's timber when appellee, by chance, noticed the wrongful cutting. He contacted Hanry, who admitted that a mistake had been made and conceded that appellee was due payment for his timber. The parties could not agree on the amount owed, however. Six appraisals of the timber's value were prepared, three by appellee's experts, two by appellant's experts, and one by Bob Hanry. The appraisal amounts ranged from $10,362.58 to $25,679.

The parties' disagreement over the value of the timber was never resolved and, on August 12, 1999, appellee sued appellant for actual and treble damages. The case went to trial, and the jury awarded appellee $25,679 as the fair market value of the timber. Damages for road repair and replanting were stipulated as $1,500 and $750 respectively. The jury was also given the following interrogatory: "Do you find from a preponderance of the evidence that Auger Timber Company, Inc., willfully and intentionally cut timber belonging to Stan Jiles with the intent to deprive him of his property?" Based on the jury's answer of "yes" to the interrogatory, the trial judge trebled the damage award and entered judgment

accordingly. Appellant asked for a new trial, but its request was denied. This appeal followed.

Appellant's first argument is that the trial judge erred in excluding the testimony of an expert witness, Mr. Kenneth Rockett. Rockett was one of several trial witnesses who appraised the value of the wrongfully cut timber. Prior to trial, he testified in a deposition that "I am of the opinion that this was an accident, that they [Auger] weren't trying to steal [Jiles's] trees." Appellee filed a motion *in limine* to exclude that opinion on various grounds, including that Rockett was not qualified to testify regarding the state of mind of appellant's employees, that his opinion went to the ultimate issue in the case, and that it invaded the province of the jury. The trial judge granted the motion, although he did not state his reason therefor.

■ Whether a witness may give expert testimony rests largely within the discretion of the trial judge. *Williams v. Ingram*, 320 Ark. 615, 899 S.W.2d 454 (1995). A trial judge's decision regarding admissibility will not be reversed absent an abuse of discretion. *Id.* On appeal, the burdensome task of demonstrating that the trial judge has abused his discretion is on the appellant. *Id.*

■ ■ The test for admissibility of expert testimony under Rule 702 of the Arkansas Rules of Evidence is whether specialized knowledge will aid the trier of fact in understanding the evidence or in determining a fact in issue. *Mearns v. Mearns*, 58 Ark. App. 42, 946 S.W.2d 188 (1997). Appellant argues that, given Rockett's observation of the property and his experience as a forester, his opinion would have been helpful to the jury in resolving the question of whether appellant's wrongful cutting was intentional or the result of a mistake.[1] We disagree. An expert's opinion is generally not considered helpful for purposes of Rule 702 unless the opinion is based on information that is beyond the experience and understanding of the average juror. In *Williams v. Ingram, supra*, a wrongful-death case involving a boating accident, the supreme court held that a marine safety expert's testimony regarding the dangerous nature of currents on the Arkansas River was properly excluded because there was nothing to indicate that the expert's knowledge on that point was so specialized that it was beyond the ability of the

---

[1] The imposition of treble damages pursuant to Ark. Code Ann. § 18-60-102(a) (1987) requires a showing of intentional wrongdoing, though such intent may be inferred from the carelessness, recklessness, or negligence of the offending party. *See Hackleton v. Larkan*, 326 Ark. 649, 933 S.W.2d 380 (1996).

trier of fact to understand and draw its own conclusions. In *Maxwell v. State*, 279 Ark. 423, 652 S.W.2d 31 (1983), a murder conviction was reversed because a crime-scene-investigation expert testified that the victim had died in appellant's home. The supreme court held that it could find no scientific basis for the opinion that was beyond the comprehension of the jury. In *Higgs v. Hodges*, 16 Ark. App. 146, 697 S.W.2d 943 (1985), a state trooper who investigated a car accident testified that appellant had been driving too fast. We held that the testimony should have been declared inadmissible because, even though the trooper had the expertise to make such a determination, the jury, given the same facts, could have made the determination as well as an expert.

■■ In the case at bar, the jury heard Bob Hanry describe the manner in which the wrongful cutting came about. When Lawrence Hill asked Hanry to put a line around the Charles property, Hanry went to the site and located what he thought was the northwest corner of the Charles tract. He made no survey nor took any measurements because he felt that, due to his familiarity with the area, he would have no trouble finding the corner on his own. He found a corner, but it was the northwest corner of appellee's property. From that corner, Hanry began walking east, then walked around a perimeter without measuring any distances, even though he had a tape measure available for use. By the time he completed his task he had marked, in addition to the Charles property, almost all of appellee's property. Hanry made this twenty-one-acre mistake despite the fact that appellee's four corners were marked, the eastern border that he shared with Charles was flagged, and his tract was primarily pine in contrast to Charles's hardwood. In addition to hearing Hanry's testimony, the jurors viewed maps of the area and photographs of the site. Given the information that was in the hands of the jurors, they were qualified to make the determination of whether appellant acted intentionally without the aid of expert opinion. We cannot say therefore that the trial judge abused his discretion in excluding Rockett's testimony. Although we are unsure of the reason for the exclusion, we may affirm a circuit judge's evidentiary ruling if he reaches the right result. *See, e.g., Thomas v. State*, 62 Ark. App. 168, 973 S.W.2d 1 (1998).

The next issue concerns the trial court's exclusion, for lack of relevance, of the $20,500 appellee paid in 1996 for the subject property and another tract. Appellant argued below that the price was relevant because damages for wrongfully cut timber should be measured by the difference in the fair market value of the land before and after the timber was cut. In its motion for a new trial, it

argued further that the price paid for the land reflected on the legitimacy of appellee seeking damages for timber in excess of what he actually paid for the property as a whole.

██ ██ We will not reverse a trial court's ruling on relevance absent an abuse of discretion. *See Dalton v. City of Russellville*, 290 Ark. 603, 720 S.W.2d 918 (1986). The measure of damages applied by the jury in this case was the fair market value of the timber, not the difference in before-and-after value of the land, although the use of either method has been approved. *See Stoner v. Houston*, 265 Ark. 928, 582 S.W.2d 28 (1979). To assist them in assessing damages on this basis, the jurors were provided with a number of appraisals placing a value on the timber. Appellant has made no showing that the price paid for the land itself almost two years prior to the wrongful cutting was material to the fair market value of the timber in 1998. We therefore find no abuse of discretion in the exclusion of this evidence.

Next, we consider appellant's argument regarding the manner in which the trial court instructed the jury on damages. The jury was charged as follows:

> If an interrogatory requires you to assess the damage to timber and lands belonging to Stan Jiles, you must then fix the amount of money which will reasonably and fairly compensate him for the following elements of damage:
>
> > First, the fair market value of his timber immediately before the occurrence;
> >
> > Second, the reasonable costs of replanting the trees; and
> >
> > Third, the reasonable costs of repairing the road on the property.

This instruction permitted the jurors to assess damages by awarding the fair market value of the timber wrongfully cut. Appellant argues that the trial court should have instructed the jurors so that they could alternatively have awarded damages based upon the difference in the value of appellee's land before and after the cutting. In particular, appellant claims that the trial judge should have instructed the jury with AMI Civ. 4th 2223. That instruction is titled, "MEASURE OF DAMAGES — DAMAGE TO REAL PROPERTY — PERMANENT." It provides that damages are measured by the difference in the fair market value of the land and

its improvements immediately before and immediately after the occurrence.

■ ■ The record reflects that appellant's objection to jury instructions at trial was as follows:

> I object to the instructions as to the damages as they are not — they do not contain the amount of before and after value of the property and I object to the entirety of the instructions as they do not have that instruction with them.

The objection, in addition to being somewhat imprecise and unclear, is not accompanied by a proffer of AMI 2223 or a similar instruction, nor any mention of same. When an appellant argues on appeal that the trial judge failed to give an instruction on a particular issue, he must show that he submitted a proposed instruction on the issue. *See Peoples Bank & Trust Co. v. Wallace,* 290 Ark. 589, 721 S.W.2d 659 (1986). Failure to make such a proffer means that the appellant cannot complain on appeal of the trial court's failure to give the instruction. *See Wade v. Grace,* 321 Ark. 482, 902 S.W.2d 785 (1995); Ark. R. Civ. P. 51. Appellant contends in its brief that AMI 2223 was proffered, but the proffer is not contained in the record. An appellant must include the proffered instruction in the record if we are to address the trial court's failure to give an instruction. *See Fisher v. Valco Farms,* 328 Ark. 741, 945 S.W.2d 369 (1997); *Wade v. Grace, supra.* Due to the absence of a proffer, we cannot consider reversal on this point.

Appellant's final argument is that the compensatory damages awarded by the jury were excessive. We note that appellant does not argue that the treble-damage award is unsupported by substantial evidence. The only argument regarding the amount of damages is that the award of $25,679, for fair market value of the timber, was excessive.

■ ■ In addressing an argument that a verdict is excessive, we determine whether the verdict is so great as to shock the conscience of the court or demonstrate passion or prejudice on the part of the trier of fact. *Smith v. Galaz,* 330 Ark. 222, 953 S.W.2d 576 (1997). Here, the jury awarded damages based on the $25,679 appraisal figure testified to by expert witness Pete Prutzman. Prutzman was originally hired as an appraiser by appellant, but he was subpoenaed to testify in favor of appellee. His qualifications and methodology are not questioned by appellant. Further, even though his appraisal was the highest among the six offered at trial, it was in

the same range as three others, which valued the timber at $25,000.00, $21,847.49, and $20,420.00. There is no showing, therefore, that the jurors' award was based on anything other than their choice of which of several very competent experts to believe. Under these circumstances, we cannot say the verdict shocks the conscience of the court or is the result of passion or prejudice.

Because we find no error on any of the above points, we hold that the trial judge did not err in refusing to grant appellant a new trial.

Affirmed.

BIRD, J., and HAYS, S.J., agree.