Larry DALTON v. CITY OF RUSSELLVILLE

86-111                                          720 S.W.2d 918

Supreme Court of Arkansas
Opinion delivered December 22, 1986
[Rehearing denied January 26, 1987.*]

*Purtle, J., would grant rehearing.
 Glaze, J., not participating.

*Susanne K. Roberts*, for appellant.

*John Bynum*, for appellee.

STEELE HAYS, Justice. Appellant Larry Dalton began employment as a patrolman with the Russellville Police Department in 1980. On September 7, 1984 he was discharged by the chief of police for failure to obtain written permission to engage in off duty employment as required by Rule 2-9 of the department. He appealed to the Russellville Civil Service Commission and then to the circuit court. The discharge was upheld at both levels. Dalton has appealed to this court pursuant to Ark. Stat. Ann. § 19-1605.1 (Repl. 1980), which gives us jurisdiction. We affirm the circuit court.

Appellant first contends he has a protected property interest in continued employment under Ark. Stat. Ann. §§ 19-1601 et seq. (Repl. 1980), *Civil Service for Police and Fire Departments.* That act gives police and firemen a number of rights with respect to hiring and promotion, and prohibits their discharge or reduction in rank except upon notice in writing of the reasons, and the right to demand a trial before the commission on the truth of the charges. An appeal to the circuit court and to this court is also provided under the act.

We find no authority for the broad assertion that appellant has a constitutionally protected interest in his employment beyond that afforded by the act. Appellant's entitlement to a hearing was plainly observed and the grounds for discharge were given him in writing and were based on the violation of a department regulation.

We find nothing in the civil service act creating an enforceable expectation of continued employment, nor does appellant point out anything in the act or the circumstances of his employment that supports his argument. The act merely gives employees certain procedural rights surrounding termination, all

of which were observed in this case.

Whether appellant had a property interest is not the issue, as he makes no claim he was denied any procedural due process in his termination, only that the grounds were improper. Nothing in the record suggests appellant's discharge was due to any reason other than the violation of Rule 2-9 of the department, which reads:

> Members of the department shall devote their whole time and attention to their police duties. All off duty employment must be approved by the chief of police in writing.

The material facts are not in dispute. Shortly before his discharge appellant acquired a private investigator's license and was hired by a local attorney to investigate an alleged civil rights violation by the Dardanelle Police Department. Police Chief Herbert Johnson testified he learned on September 5 that Dardanelle Police Chief Sims had called to ask why a Dardanelle police officer was being investigated by a Russellville police officer. Johnson said he verified that appellant, acting as a private detective on behalf of a Russellville lawyer, had questioned Chief Sims and Officer Tim Hull about an alleged civil rights violation. Johnson said no investigation was being conducted by the Russellville Department and he had no idea appellant was working as a private detective. He said he would not have permitted it due to a conflict of interest and the potential for using information to which only the police were privy. When appellant arrived at work on September 7 Johnson discussed the incident with him and appellant admitted the facts. Johnson informed appellant he acted in violation of the rules since he did not have permission to work as a private detective, work which Johnson said was in direct conflict with his duties as a Russellville police officer.

Chief Sims testified appellant contacted him to ask about a "particular case in Russellville." He said appellant was in plain clothes and made it clear he was investigating the case as a private detective, though he said appellant was wearing a badge at the time. He considered it very unusual and unethical for one police officer to investigate another police officer. Such things, he said, were for the State Police or the FBI.

James Hardy, a deputy of the Yell County Sheriff's Office, testified that appellant contacted him by telephone on September 7 to say he was investigating a search in Pope County by the Dardanelle Police Department, appellant told him he had "checked the logs at the Sheriff's Office in Pope County" and learned that Hardy was at the Sheriff's Office on the date in question. Hardy said the logs were kept in the radio room and accessible to police personnel, but not to civilian personnel or private investigators.

Appellant testified he would not have conducted an investigation of the Pope County Sheriff's Department or the Russellville Police Department because that would be a conflict of interest, though he did not think investigating the Dardanelle Police Department presented a conflict of interest. Appellant had requested permission for off duty work in the past and recognized the rule in question, but testified in defense of his failure to request permission on this occasion, only that he did not foresee any possibility the Chief would object to his doing that kind of work and didn't think it necessary to ask permission. The rules of the department provided that any employee could be discharged for a violation of any rule and there was substantial evidence presented to support the truth of those charges.

Appellant also argues that Rule 2-9 was applied exclusively to him and not to others in violation of his rights to equal protection, and was applied arbitrarily in violation of the due process clause.

There was testimony that most police officers performed various jobs when not on duty in order to supplement their salary. There was also proof that while certain types of off duty work were permissible, other types were not and that it was generally understood that work which might conflict with the duties of a police officer was not permitted under the rule. In practice there was some relaxation of the rule in that requests were sometimes approved orally or omitted altogether, but it is also true the exceptions involved routine work—handling traffic and crowds at football games, or security at local retail stores and the like. In some instances the department posted requests for volunteers for off duty work, which impliedly negated the need for written permission. In short, we find no instance where the rule

was disregarded with respect to work comparable to that undertaken by the appellant in this case. Thus, the proof supports the conclusion that the rule and its exceptions were understood by the men on the force and if outside work involved police related activities, permission in some form was necessary. Compliance with the rule and its application were consistent and uniform. Nothing in the record suggests that other officers were permitted to perform off duty work of a sensitive nature as was engaged in by the appellant, and we cannot say under the proof the appellant was treated either exclusively or arbitrarily.

■ Appellant argues waiver and estoppel, but for the reasons already stated we disagree that Rule 2-9 was waived, or that the department was estopped from enforcing the rule. As we have said, the instances of departure from the rule all involved work of a routine sort. Appellant's point might be well taken if he had been discharged for accepting work clearly not police related, but that was not the case, and we cannot say the findings of the trial court were clearly against the preponderance of the evidence. ARCP Rule 52.[1]

■ Two remaining arguments do not require extended discussion. It is urged the circuit judge should not have excluded proof that appellant was a competent, conscientious police officer with consistently satisfactory performance ratings. The circuit court rejected this proof based on relevancy, limiting the trial to the issue of whether Rule 2-9 was violated. We have held repeatedly the relevancy of evidence is within the trial court's discretion, subject to review if abused. *Shelton* v. *State*, 322 Ark. 339, 698 S.W.2d 512 (1985); *Arkansas Power & Light* v. *Johnson*, 260 Ark. 237, 538 S.W.2d 541 (1976). We cannot say it was abused in this instance.

■ Finally, appellant insists his discharge was clearly against the preponderance of the evidence. We cannot sustain the argument. The proof fully supports the conclusion there was a material violation of a rule by the appellant, a rule the depart-

---

[1] In *Petty* v. *City of Pine Bluff*, 239 Ark. 49, 386 S.W.2d 935 (1965) we held the test on appeal under Ark. Stat. Ann. § 19-1605.1 (Repl. 1980) was whether the judgment was supported by substantial evidence. That holding was changed effective July 1, 1979 by ARCP Rule 52.

ment had every right to enforce.

The judgment is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The appellant had been employed as a policeman for more than four years when he was terminated for investigating the activities of the police department in a nearby city. I believe he had a vested property right in his position because the state and the city had enacted laws giving him certain rights. I will not reiterate the authority and precedent cited by the majority because the answer to the question before us depends upon how each member of the court interprets the Constitutions. The appellant was in a permanent status classification rather than probationary. Why have the two classifications if one confers no more right than the other?

I am aware that Arkansas is still an employment-at-will state. However, we have held that in the proper case we might recognize exceptions to the rule. Appellant's claim should be an exception because the state and city have granted rights in this case which remove the appellant from the employment-at-will doctrine.

Appellant was fired for violating a department rule which states "all off duty employment must be approved by the chief of police in writing." It seems that the only victim of the rule was the appellant. He became the first casualty of the rule when he obtained or attempted to obtain information relating to the happenings of a nearby police department. Almost all of the Russellville Police Department had knowingly violated the same rule. Many of the other "moonlighting" jobs were in areas ordinarily included in duties of policemen. Controlling traffic and crowds, watching for theft and protecting property rights were some of the off-duty jobs performed by other members of the same police department. I cannot see that investigating the Dardanelle Police Department is in any manner interfering with the functions or responsibilities of the Russellville Police Department. I can see no distinction between investigating the activities of a police department and trying to catch a thief in a department store inasmuch as each activity involves duties which are common police functions.

The appellant was not in uniform and did not attempt to deceive anyone. He identified himself and expressly announced that he was acting as a private investigator. The evidence presented and the argument of appellee prove that appellant did not violate the purpose and intent of the rule. Appellee argues that it is improper for a police department to investigate another police department. If so, such investigation by the appellant did not involve a police function.

I do not question the right of the city to terminate the appellant. However, I do insist that such termination comply with the Due Process and Equal Protection Clauses of the State and United States Constitutions. The appellant's right to equal protection was clearly disregarded because he was the only officer terminated for violating the department. rule.