Doris ROPER, Plaintiff,

v.

CITY OF PINE BLUFF, et al., Defendants.

No. PB–C–86–735.

United States District Court, E.D. Arkansas, Pine Bluff Division.

Nov. 16, 1987.

**330**

Darrell L. Stayton, Mullis, Davis & Chadick, Pine Bluff, Ark., for plaintiff.

Winston Bryant and David H. White, North Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court is defendants' Motion for Summary Judgment. Plaintiff has responded, and the matter is now ripe for determination.

In his complaint, plaintiff contends that he presently holds the rank of captain with the Pine Bluff Police Department (PBPD), and held this position on October 3, 1985. It was on this date that a test for promotion to the position of Assistant Chief of the PBPD was administered, and Robert G. Brown, a lieutenant with the PBPD, was promoted to the rank of Assistant Chief pursuant to the directive of the Pine Bluff Civil Service Commission (PBCSC).

The defendants state plaintiff's claims in a succinct fashion, as follows:

Plaintiff claims that the selection of Lt. Robert G. Brown to the rank of Assistant Chief was in direct contravention of the statutory requirements as set forth in Ark. Stat.Ann. § 19–1603 *et seq.* Specifically, plaintiff alleges that the selection of Lt. Brown over the plaintiff did not adhere to Ark.Stat.Ann. § 19–1603(9), in that the promotion was not based upon an open competitive examination of efficiency, character and conduct, but upon an oral examination administered by the Civil Service Commission that failed to establish a measurable standard for determining the general proficiency of the candidates.

Additionally, plaintiff cites Ark.Stat.Ann. § 19–1603(4), as requiring that no person shall be eligible for examination for advancement except from a lower rank to the next highest rank except in cases of emergency. Plaintiff contends that the appointment of Lt. Brown to Assistant Chief was improper in view of the fact that the rank of captain was immediately below the rank of assistant chief. Since the plaintiff was a captain in the Department, according to the plaintiff, he was eligible over Lt. Brown for the position. Additionally, plaintiff claims that there was no certification made of an emergency which would remove the strict requirement of Ark.Stat.Ann. § 19–1603(4).

Finally, plaintiff claims that Pine Bluff Civil Service Commission Rules and Regulations are in conflict with Arkansas statutes.

Defendants, in their motion for summary judgment, raise four grounds in support of their motion: (1) Plaintiff has no property interest in the position of Assistant Police Chief for the PBPD; (2) Plaintiff is not a member of a suspect class; (3) violations of state statutes do not give rise to a § 1983 claim; and (4) the individual defendants are entitled to qualified immunity.

According to the pleadings, plaintiff was hired by the PBPD on October 1, 1969; promoted to the rank of Sergeant on Au-

gust 1, 1973; promoted to the rank of lieutenant on September 1, 1977, and promoted to the rank of captain on September 1, 1984. Robert Brown, presently Assistant Chief of the PBPD, was employed on March 4, 1970; promoted to the rank of sergeant on March 1, 1977; promoted to the rank of lieutenant on September 11, 1984; and appointed as assistant chief on October 3, 1985.

The PBCSC administered the examination for the filling of the assistant chief position and opened it to the ranks of captain and lieutenant. Four lieutenants and two captains applied for the position. The examination consisted of a set of eight questions concerning the departmental rules and regulations, organization, and operations. Plaintiff contends that the applicants were given a few seconds to jot notes on paper and then orally answered the questions. Defendants assert that the dialogue was the critical fact in judging the applicant's overall rating. According to the defendant's pleadings, Lt. Brown was selected based on a score of 5.0 points out of 5.0 points, and Jack Seamons ranked second with a 4.5 score. Plaintiff contends that the dialogue was the only factor used to measure the applicant's response to the exam, and that the Commission is required by law to examine personal fitness, background, qualifications, and leadership which should also include efficiency, character and conduct. Plaintiff states in a conclusory fashion, without providing excerpts from depositions, that more than one-half of the examining Commissioners stated that they did not examine the applicants' personnel record with the Department. "Conclusive assertions of ultimate fact are entitled to little weight when determining whether a non-movant has shown a genuine issue of fact sufficient to overcome summary judgment motion supported by complying affidavits." *Miller v. Solem,* 728 F.2d 1020, 1024 (8th Cir.1984), *cert. denied,* 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984). Defendants submitted an affidavit signed by three of the Commission members which states that Lt. Brown was selected to the position over plaintiff because, in the opinion of the Commission, Lt. Brown rated higher in personal fitness, temperament, leadership and other criteria. They also state that in making the appointment, the Commissioners followed the rules and regulations of the PBCSC in not only designating which class or classes in the organization were eligible to compete, but also the rules and regulations in selecting Lt. Brown as Assistant Chief. It is also stated that the procedure used in promoting Lt. Brown was in accordance with past procedures and policy of the Commission. Finally, the Commissioners stated that no Commissioner holds any malice or ill will against the plaintiff, and that all feel that he is a competent and well-qualified police officer. They simply felt that Lt. Brown was better qualified to serve as assistant police chief.

■ Defendants ask the Court to apply the principles this Court set out in *Corder v. City of Sherwood,* 579 F.Supp. 1042 (E.D.Ark.1984). In that case, this Court held that the state had a statutory scheme regarding zoning and that the complaint for a zoning violation was more properly a question for state courts. The Court finds that whether the regulations and statutes can be harmonized is a question of state law, and that it would be more appropriate for the state courts to decide. The Court therefore finds it appropriate to abstain in this matter. The federal courts are not super personnel boards ordained to reevaluate appointments and dismissals made in the course of state and local government operations. *Dipiro v. Taft,* 584 F.2d 1 (1st Cir.1978), *cert. denied,* 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979).

Even if the Court held otherwise, there is serious doubt as to whether plaintiff possessed a property interest, based upon recent holdings of the Arkansas Supreme Court in *Dalton v. City of Russellville,* 290 Ark. 603, 720 S.W.2d 918 (1985); *Gladden v. Arkansas Children's Hospital,* 292 Ark. 130, 728 S.W.2d 501 (1987)—the Eighth, Seventh and First Circuit Courts—*Drake v. Scott,* 823 F.2d 239 (8th Cir.1987); *Stow v. Cochran,* 819 F.2d 864 (8th Cir.1987); *McIntosh v. Weinberger,* 810 F.2d 1411 (8th Cir.1987); *Lillehaug v. City of Sioux Falls,* 788 F.2d 1349 (8th Cir.1986); *Bigby v. City of Chicago,* 766 F.2d 1053 (7th

Cir.1985), *cert. denied;* 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986); *Burns v. Sullivan,* 619 F.2d 99 (1st Cir.1980), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

■ Furthermore, plaintiff's complaint speaks essentially in terms of violations of the Arkansas Civil Service Statutes. Violations of state law, absent a constitutional violation, do not give rise to a Section 1983 claim. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *See Davis v. Scherer,* 468 U.S. 183, [104 S.Ct. 3012, 82 L.Ed.2d 139] (1984).

> It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983. As has been often stated, "(t)he violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution." (citations omitted.)

*Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 833 (1st Cir.1982), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

Because of these holdings, it is not necessary to address the remaining issues in defendants' brief. The Court finds that based upon the foregoing, the matter should be, and is hereby dismissed without prejudice.