Gerald TURNER *v.* Jane LAMITINA

88-184                                                761 S.W.2d 929

Supreme Court of Arkansas
Opinion delivered December 19, 1988

362

*David Hodges*, for appellant.

*James A. McLarty*, for appellee.

DARRELL HICKMAN, Justice. The question in this case is whether certain testimony admitted at trial was relevant. We reverse the trial court's ruling admitting the evidence.

This case is a result of an automobile accident at an intersection in Newport, Arkansas. Traffic lights controlled the actions of both drivers. The appellant, owner of a vehicle driven by his daughter, claimed the appellee ran a red light, and the driver of his vehicle had a green light. The appellee also said she had a green light and claimed that the traffic light had malfunctioned. On cross-examination by the appellee, the officer investigating the accident agreed that repeated complaints had been received that this particular light had malfunctioned. The officer told the appellee that it was possible that the light gave conflicting signals.

The question to us arises from appellee's offer of an officer's testimony that a similar traffic light in the city, on the same road about a quarter to a half mile away, had malfunctioned exactly the same way — green lights both ways — six months after this

accident. Initially, the trial judge ruled the evidence was not admissible; then he reversed himself and decided to allow the testimony. But he would not allow testimony that the light in question malfunctioned 15 months later.

■ We have held repeatedly that the relevancy of evidence is within the trial court's discretion, subject to reversal only if an abuse of discretion is demonstrated. *Dalton* v. *City of Russellville*, 290 Ark. 603, 720 S.W.2d 918 (1986); *Arkansas Power & Light Co.* v. *Johnson*, 260 Ark. 237, 538 S.W.2d 541 (1976). However, in this case the trial judge abused his discretion in admitting evidence not shown to be relevant.

■ A.R.E. Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. The definition of relevant evidence is broad, yet in order to be relevant the evidence must be probative of the proposition toward which it is directed.

■ The testimony the trial judge admitted concerned an accident occurring six months later at a different intersection. Presumably, the appellee introduced the evidence to show that the traffic light in question malfunctioned. Yet a proper foundation demonstrating the factual relevance of this evidence was not established. There was no testimony that the traffic lights were identical or that they operated in sequence or from the same central electrical system. All we have is the officer's statement that the lights were "similar." Thus, whether a malfunction at one intersection had any relevance to an alleged malfunction at a different intersection was totally conjectural.

In *Arkansas Power & Light Co.* v. *Johnson, supra,* we said the following:

> Admission of evidence of subsequent incidents, like that of prior incidents poses the question of relevancy, even though the admission of the former must be approached with greater caution than the latter.

■ Before evidence of subsequent incidents may be received into evidence a proper foundation demonstrating the probative relevancy of this information must be presented.

Factors to consider are the remoteness in time and the similarity of circumstances.

No foundation for the relevance was established nor was any factual similarity of circumstances proven. The trial judge's first instinct was correct. The appellee had not demonstrated the relevance of an incident far removed in time and which occurred at an entirely different intersection.

Reversed and remanded.