# United States Court of Appeals
## For the First Circuit

No. 05-1205

IVAN E. IRIZARRY,

Plaintiff, Appellant,

v.

UNITED STATES; U.S. SMALL BUSINESS ADMINISTRATION;
HECTOR V. BARRETO, Administrator, U.S. Small Business
Administration; MONIKA EDWARDS HARRISON, Chief Human Capital
Officer, U.S. Small Business Administration; MARY ANNE GLADDEN,
Deputy Chief Human Capital Officer, U.S. Small Business
Administration; JOHN D. WHITMORE, Counselor to the Administrator,
U.S. Small Business Administration; MICHAEL J. PAPPAS,
Regional Administrator, Region II and Associate Administrator for
Field Operations, U.S. Small Business Administration;
JOHN DOES 1-5; JANE DOES 1-5

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lipez, Howard, Circuit Judges,

and Restani,[*] Judge.

Celina Romany, with whom Rafael M. Arrillaga Romany and
Celina Romany Law Offices, were on brief, for appellant.

---

[*]Chief Judge of the United States Court of International
Trade, sitting by designation.

Gary Fox, Assistant General Counsel, United States Small Business Administration, with whom H.S. García, United States Attorney, Miguel A. Fernández, Assistant United States Attorney and Isabel Munoz-Acosta, Assistant United States Attorney, were on brief, for appellee.

---

October 21, 2005

---

**HOWARD**, **Circuit Judge**.  Ivan E. Irizarry, an employee of the United States Small Business Administration (SBA), sued his employer and several SBA employees  (collectively, the government) to challenge his transfer from Puerto Rico to Illinois as being unconstitutionally motivated by his political affiliation with the Democratic Party.  The district dismissed the complaint and Irizarry appeals.  We affirm.

We review the dismissal order de novo.  See Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991).  In so doing, we accept the well-pleaded facts as true and draw all inferences in favor of Irizarry.  See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).  We will affirm the dismissal of the complaint only if the well-pleaded facts fail to establish the government's liability under some actionable legal theory.  See Rodi v. S. New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

Prior to the 2000 presidential election, Irizarry worked as the Director of the SBA for Puerto Rico and the United States Virgin Islands.  In this position, Irizarry was covered by the Civil Service Reform Act of 1978 (CRSA), Pub. L. 95-454 (codified in various provisions of Title 5 of the United States Code).

After the 2000 election, prominent members of the Republican Party in Puerto Rico began to pressure senior officials in the new administration to install Republicans as the heads of the local offices of federal agencies.  As a result of this

pressure, the SBA reassigned Irizarry to the post of Deputy District Director for the District of Illinois. This transfer did not change Irizarry's grade or pay.

Believing that the transfer violated his constitutional rights to free speech, free association, and due process, Irizarry filed suit in federal district court in Puerto Rico. He sought review of the action under the Administrative Procedures Act, 5 U.S.C. §§ 701-706, damages, see Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and equitable relief in the form of reinstatement to his prior position. Before filing suit, Irizarry did not file an administrative complaint before the Office of Special Counsel (OSC) of the Merit System Protection Board (MSPB).

The government moved to dismiss the complaint on alternate grounds: (1) Irizarry failed to file the administrative complaint that Congress intended as the exclusive means by which unconstitutionally transferred civil servants can obtain relief; (2) even if filing an administrative complaint is not the only way to obtain relief, it is a prerequisite to suing in federal court. The district court accepted the government's first argument, ruling that the CSRA precluded Irizarry from initiating a court action because he was limited to the remedies provided by the CSRA. We do not reach this issue because we agree with the government's alternate argument:  that Irizarry was required, but failed, to

-3-

exhaust his administrative remedies. See, e.g., Crellin Technologies v. Equipmentlease Corp., 18 F.3d 1, 13 (1st Cir. 1994) (appeals court may affirm the dismissal of a complaint on any independently sufficient ground).

Congress passed the CSRA to "replace the haphazard arrangements for administrative and judicial review of personnel action" for civil service employees "with an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of various categories of federal employees with the needs of sound and efficient administration." United States v. Fausto, 484 U.S. 439, 444-45 (1988). The CSRA provides remedies for prohibited personnel actions by federal agencies, 5 U.S.C. § 2302(a)(1), which include employment actions that contravene an employee's constitutional rights, see id. § 2301(b)(2). Under the facts alleged by Irizarry, his transfer could qualify. See Rutan v. Republican Party of Ill., 497 U.S. 62, 73-74 (1990) (holding that a transfer of a public employee on account of political affiliation can violate the First Amendment).

The CSRA provides different remedial schemes depending on the severity of the personnel action at issue. For the most drastic actions, such as discharge, an employee is entitled to appeal the agency's decision directly to the MSPB. 5 U.S.C. § 7513(d). If the employee does not prevail before the MSPB, she may

seek judicial review in the United States Court of Appeals for the Federal Circuit.  Id. § 7703.

An employee may not challenge a transfer by means of a direct appeal to the MSPB.  Instead, she must file an administrative complaint with the OSC.  See 5 U.S.C. §§ 1212(a)(2), 1214(a)(1)(A), 2302(a)(2)(A)(iv).  The OSC must "investigate . . . to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel action has occurred, exists, or is to be taken."  Id. § 1214(a)(1)(A).  If the OSC determines that such grounds exist, it may request that the agency rescind the action and, if the agency declines, petition the MSPB to take appropriate remedial steps.  See id. §§ 1214(b)(2)(B),(C). The OSC is generally required to act on an administrative complaint within 240 days.  See id. § 1214(b)(2)(A).  If the OSC terminates the investigation because it does not find reasonable grounds to conclude that a prohibited personnel action has or will occur, the OSC must tell the complaining employee the reason for its action. See id. § 1214(a)(2)(A).

The CSRA does not provide for review by the MSPB or an Article III court of an OSC decision to terminate an investigation into an employee's complaint.[1]  The government argues that this

---

[2]The CSRA contains an exception, not applicable here, which allows an employee to appeal to the MSPB (and eventually to the Federal Circuit) from the OSC's decision to terminate an investigation into a whistleblower claim.  See 5 U.S.C. §§ 1214(a)(3), 2302(b)(8).

congressional silence indicates that the OSC procedure is the exclusive avenue to relief. Irizarry counters that, because the OSC's decision to intervene is discretionary, the CSRA does not provide an adequate remedy to vindicate constitutional rights. Therefore, Irizarry contends he may sue in federal court to vindicate his constitutional claim. We assume arguendo that some form of Article III review is available to Irizarry, even though it is not expressly provided for by the CSRA. Cf. Dugan v. Ramsay, 727 F.2d 192, 194-95 (1st Cir. 1984) (federal civil servant applicant held entitled to obtain review of a personnel decision in federal court because, under the CSRA, the claim could not find its way to the MSPB).[2] Nevertheless, as we will explain, Irizarry's

---

[2]Because we affirm on other grounds, we do not address the government's contention that Dugan is so out-of-step with recent Supreme Court precedent that it is no longer good law. We do note, however, that Dugan was decided several years before the Court recognized the preclusive effect of the CSRA in Fausto, 484 U.S. at 455. We note also that several (although not all) of our sister circuits have concluded that the CSRA precludes federal lawsuits filed after the OSC has declined to act on an employee's claim. Compare Saul v. United States, 928 F.2d 829, 835-843 (9th Cir. 1991) (barring action); Lombardi v. Small Business Admin., 889 F.2d 959, 961(10th Cir. 1989)(same); Pinar v. Dole, 747 F.2d 899, 910-911 (4th Cir. 1984) (same) with Mitchum v. Hurt, 73 F.3d 30, 35 (3d Cir. 1995) (allowing federal court action by federal employee to obtain injunctive relief); Spagnola v. Mathis, 859 F.2d 223, 229 (D.C. Cir. 1988) (en banc) (per curiam) (same).

While we do not decide whether Dugan remains good law, we do reject the government's assertion that we effectively overruled Dugan in Berrios v. Dep't of the Army, 884 F.2d 28 (1st Cir. 1989). In Berrios, we held that the plaintiff could not sue over his discharge because the CSRA provided his exclusive remedy and did not include a direct action in federal district court. Id. at 31. Berrios is distinguishable because, unlike here, the CSRA provided that the plaintiff could obtain review of his discharge at the

-6-

complaint was properly dismissed because he did not exhaust his remedies by first filing a complaint with the OSC.[3]

Requiring exhaustion of administrative remedies serves important purposes. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992). It protects administrative agency authority and promotes judicial efficiency. See id.; see also Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997). It also prevents litigants from bypassing Congress' carefully crafted remedial scheme. See Andrade v. Lauer, 729 F.2d 1475, 1484 (D.C. Cir. 1984).

These policy goals, and the lack of countervailing interests, favor requiring a federal employee to file a claim with the OSC before repairing to federal court. "The CSRA established a comprehensive system for reviewing personnel actions taken against federal employees." Fausto, 484 U.S. at 455. Permitting an employee to bypass the OSC entirely would permit the employee to avoid the remedial scheme that Congress enacted, even though

---

Federal Circuit. See id.

[3]We reject Irizarry's contention that we took a contrary position in Dugan, 727 F.2d at 194. In Dugan, the plaintiff filed suit in federal district court without first filing a claim with the OSC. Id. The district court, sua sponte, dismissed the complaint on the ground that the plaintiff had failed to exhaust administrative remedies. Id. We reversed. Id. In so doing, we relied on the government's concession that the plaintiff did not have to file a claim with the OSC as a prerequisite to filing a suit in federal court. Id. In light of this concession, we concluded that the government had waived its entitlement to raise the administrative exhaustion bar. Id. Not so here.

nothing in the CSRA suggests that Congress intended resort to the OCS to be optional.  Cf. Velazquez-Rivera v. Danzig, 234 F.3d 790, 794 (1st Cir. 2000) (ruling that plaintiff forfeited any federal court review of his termination by not following the procedures set forth in the CSRA).  By contrast, requiring exhaustion permits the federal agency to correct the violation or to explain its decision.  This promotes agency authority and accountability.  See Martin v. United States Env. Protection Agency, 271 F. Supp. 2d 38, 45 (D.D.C. 2000).  Moreover, the OSC remedy provides a method for resolving many employment disputes without turning them into federal cases.  This reduces the caseload of the federal courts and relieves the courts from serving as "super personnel boards." DiPrio v. Taft, 584 F.2d 1, 3 (1st Cir. 1978).[4]

Irizarry argues that he should have been excused from complaining to the OSC because the OSC has discretion whether to act on his administrative complaint and need not address the merits.  The D.C. Circuit rejected this same argument:

---

[4]Several courts, which may permit an employee in Irizarry's position to sue in federal court, require administrative exhaustion.  See Weaver v. United States Info. Agency, 87 F.3d 1429, 1433-34 (D.C. Cir. 1996) (dismissing the plaintiff's claim that an oral admonishment violated his right to free speech because the plaintiff did not first file the claim with the OSC); see also Martin, 271 F. Supp. 2d at 45 (dismissing suit for failure to exhaust OSC remedy); United States v. Perdeaux, 33 F. Supp. 2d 187, 190 (E.D.N.Y. 1999) (similar).  But see Mitchum, 73 F.3d at 35 (permitting federal employee to pursue claim for injunctive relief without exhausting administrative remedies).

> Although the OSC discretion adds an element of uncertainty that is distinct from the ordinary vicissitudes of agency proceedings, Congress evidently thought it adequate in view of the relatively minor character of the wrongs whose redress is left to OSC discretion, perhaps fearing that a universal right of appeal to the MSPB would cause trivial claims to delay and crowd out more serious ones.

Weaver v. United States Info. Agency, 87 F.3d 1429, 1433-34 (D.C. Cir. 1996). This reasoning comports with the Supreme Court's and this court's decisions mandating that federal employees comply with the CSRA's remedial procedures. See Fausto, 484 U.S. at 455; Velazquez-Rivera, 234 F.3d at 794; Berrios, 884 F.2d at 884.

A discriminatory transfer of the sort Irizarry allegedly suffered is not a trivial slight. But we think it clear that Congress intended that complaints about such transfers be directed to the OSC. If federal court review is available to Irizarry at all, it is only available following the exhaustion of administrative remedies.

**Affirmed**.