**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2316**

BRUCE FLEMING,

        Plaintiff - Appellant,

    v.

RICHARD V. SPENCER, Secretary, Department of the Navy,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:15-cv-03358-RDB)

Argued: January 23, 2018                     Decided: February 7, 2018

Before MOTZ, TRAXLER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Noah Barnett Peters, BAILEY & EHRENBERG PLLC, Washington, D.C., for Appellant. Sydney Foster, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Jason H. Ehrenberg, BAILEY & EHRENBERG PLLC, Washington, D.C., for Appellant. Chad A. Readler, Acting Assistant Attorney General, Marleigh D. Dover, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Fleming, an English Professor at the United States Naval Academy, challenges three employment actions — a letter of reprimand, the denial of a merit pay increase, and the denial of a request for funding — as a violation of his First Amendment right to academic freedom. The district court dismissed Fleming's claim for lack of jurisdiction, and Fleming appeals. Because Fleming failed to exhaust his statutory remedies before filing suit, we affirm.

I.

This case involves the "comprehensive" and "integrated scheme of administrative and judicial review" established by Congress in the Civil Service Reform Act ("CSRA"), for claims arising out of federal employment. *See United States v. Fausto*, 484 U.S. 439, 448 (1988).

The CSRA provides different remedial schemes depending on the severity of the personnel action at issue. For major personnel actions, such as termination, an employee is entitled to appeal the agency's decision directly to the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 7513(d). If the employee does not prevail before the MSPB, she may seek judicial review in the Federal Circuit. 5 U.S.C. § 7703.

Less serious employment decisions are not directly appealable to the MSPB. Instead, certain employees may challenge specified "personnel actions" that violate "prohibited personnel practices" by filing a complaint in the Office of Special Counsel ("OSC"). The covered "personnel actions" include a "disciplinary or corrective action,"

3

"a decision concerning pay . . . or awards," and "other significant change[s] in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(iii), (ix), (xii). There are thirteen types of "prohibited personnel practices," including constitutional violations. 5 U.S.C. § 2301(b)(2); *see, e.g.*, *Weaver v. United States Info. Agency*, 87 F.3d 1429, 1432 (D.C. Cir. 1996).

When an employee raises a constitutional challenge, the OSC must investigate the allegation "to determine whether there are reasonable grounds" to believe that a violation has occurred. 5 U.S.C. § 1214(a)(1)(A), (b)(2)(A). If the OSC concludes that there are such grounds, it "shall report the determination together with any findings or recommendations" to the MSPB and the employing agency. 5 U.S.C § 1214(b)(2)(B). If the agency fails to correct the practice, the OSC may petition the MSPB for an order directing the agency to take corrective action. 5 U.S.C. § 1214(b)(2)(C). An employee adversely affected by the MSPB's final decision may obtain judicial review in the Federal Circuit. 5 U.S.C. § 1214(c), § 7703(b). If the OSC decides not to pursue the complaint, the CSRA does not provide for any further administrative or judicial review.

II.

With the relevant statutory scheme in mind, we turn to the facts and procedural history of this case.

In August 2013, Professor Bruce Fleming led his students in a discussion of the Naval Academy's Sexual Assault Prevention and Response Program ("SAPR"). Two female students in the class disagreed with Fleming's comments, which were critical of

4

the program. They complained to the SAPR office. The English Department Committee conducted an investigation into Fleming's actions and concluded that he had not engaged in any misconduct.

After the English Department closed the matter, Fleming invited his class to discuss "options to pursue action against the two [students] for their 'false accusations' against him." Fleming subsequently filed conduct charges against the students for "disrespect or insubordination" and "failure to use good judgment." Around the same time, the students complained to the Naval Academy about the handling of their initial complaints. In response, the Naval Academy opened a "Command Investigation" to address "the allegations of inappropriate faculty [and student] conduct."

On June 9, 2014, the Naval Academy concluded its Command Investigation and issued Fleming a letter of reprimand ("LOR"), which noted his "inappropriate conduct toward two student[s]." The LOR concluded that Fleming "abused [his] position and influence in an attempt to harm the reputation and potential future careers of the [students]," which was "unacceptable and will not be tolerated."[1]

Less than a week later, on June 12, 2014, Fleming filed a complaint with the OSC alleging that the Naval Academy issued the LOR in retaliation for his "disclosures" regarding the flaws of the SAPR program. The OSC reviewed this claim and issued an opinion explaining that it had analyzed Fleming's allegations under the whistleblower provisions of the CSRA, but that it did not find any violation. The OSC then closed

---

[1] On June 8, 2016, the Naval Academy removed the LOR from Fleming's personnel file.

Fleming's case, but notified Fleming that, because he had asserted whistleblower claims, he could file an individual right of action with the MSPB.

Fleming then sought relief from the MSPB. An administrative judge ("AJ") concluded that Fleming's criticisms of the SAPR program were not disclosures protected by the statute and, therefore, dismissed his whistleblower claims. The AJ also declined to consider Fleming's other claim — which alleged retaliation for filing a prior OSC complaint — because Fleming had not raised it before the OSC. Fleming appealed to the full Board, which affirmed the AJ's decision. Fleming did not appeal the MSPB's decision to the Federal Circuit.

Rather, in November 2015, Fleming filed this complaint in the federal district court for the District of Maryland alleging that the LOR violated the First Amendment because it was issued in response to his criticism of the SAPR program. Fleming also asserted that the Naval Academy violated the First Amendment because it disciplined him for allegedly misstating the nature of the students' complaints against him in the conduct charges he filed against the students. Fleming additionally contended that the letter of reprimand caused the Naval Academy to deny him a merit pay increase and $7,000 in summer funding.

The Government filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted. After the district court denied Fleming's motion to alter or amend the judgment, Fleming noted this timely appeal.

III.

The Government contends that Fleming's failure to exhaust his administrative remedies precludes judicial review of his claim. We agree. The CSRA plainly precludes extrastatutory judicial review of constitutional claims that are asserted before an employee has exhausted his remedies available under the statute.[2]

Fleming correctly notes that he could not have challenged the LOR and other minor employment actions directly in the MSPB. As explained above in Part I, less serious personnel actions — such as a letter of reprimand, the denial of a merit pay increase, and the denial of a request for funding — that allegedly violate the Constitution must first be brought to the OSC. 5 U.S.C. § 2302(a)(2)(A)(iii), (ix), (xii). Consequently, Fleming could have brought his claim to the OSC, and the OSC could have pursued the complaint.

If the OSC found "reasonable grounds" to believe that a "personnel action" violated the Constitution, it could have notified the Naval Academy. If the Naval Academy failed to take corrective action, the OSC could have petitioned the MSPB for an order directing the Naval Academy to take such action. If the MSPB ruled against Fleming, he could have obtained review of the decision in the Federal Circuit, which

---

[2] A different question would be presented here if Fleming had brought his constitutional claim to the OSC and been denied an opportunity to pursue that claim in the Federal Circuit. In such a case, this court would need to address whether "Congress intend[ed] [for the CSRA] to preclude judicial review of constitutional claims." *Webster v. Doe*, 486 U.S. 592, 603 (1984). However, when Congress "simply channels judicial review of a constitutional claim to a particular court," we merely ask whether Congress's intent to preclude federal jurisdiction in other courts is "fairly discernible in the statutory scheme." *Elgin v. Dep't of Treasury*, 132 U.S. 2126, 2132 (2012).

would have had "exclusive jurisdiction" over his case. *See* 5 U.S.C. § 1214(c), § 7703(b); 28 U.S.C. § 1295(a)(9). Fleming did not pursue this course of action.[3] Instead, he filed an OSC complaint challenging the LOR on the sole ground that it constituted unlawful retaliation for "whistleblowing" activity.

Congress clearly intended for the OSC to handle constitutional complaints like Fleming's. The Supreme Court has made clear that federal employees must comply with the CSRA's remedial procedures. *See Fausto*, 484 U.S. at 455. The Court emphasized again in *Elgin v. Dep't of Treasury*, that "[t]he CSRA's objective of creating an integrated scheme of review would be seriously undermined if . . . a covered employee could challenge a covered employment action first in a district court, and then again in one of the courts of appeals." 132 U.S. 2126, 2135 (2012). The exhaustion requirement is therefore an essential element of this statutory scheme. "For the exhaustion remedy to serve its intended purpose . . . the employee must inform the Special Counsel of the precise ground of his charge" and "'give [the OSC] sufficient basis to pursue an investigation which might have led to corrective action.'" *Ward v. MSPB*, 981 F.2d 521, 526 (Fed. Cir. 1992) (quoting *Knollenberg v. MSPB*, 953 F.2d 623, 626 (Fed. Cir. 1992)).

Other appellate courts to confront this issue have similarly concluded that the CSRA precludes judicial review of constitutional claims for equitable relief when an employee has failed to exhaust administrative remedies available under the CSRA. *See*

---

[3] Fleming conceded in the district court that at no point did he "press his First Amendment claim before . . . the OSC."

*Irizarry v. United States*, 427 F.3d 76 (1st Cir. 2005); *Ferry v. Hayden*, 954 F.2d 658, 660-61 (11th Cir. 1992).

Because Fleming has not exhausted his statutorily-prescribed administrative and judicial remedies, we affirm the judgment of the district court dismissing his suit. [4]

*AFFIRMED*

---

[4] The Government also contends that Fleming's request for injunctive relief is moot because the LOR was removed from his file and that he lacks standing to pursue the other relief he seeks. Because we affirm the district court on the ground that Fleming has not exhausted his remedies under the CSRA, we need not reach these issues.